IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of a class of all persons and entities similarly situated,<br><br>   Plaintiff<br><br>vs.<br><br>PULSE OPINION RESEARCH, LLC<br><br>   Defendant. | Case No.<br><br>CLASS ACTION COMPLAINT |

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1. Plaintiff Andrew Perrong ("Plaintiff"), brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance calling practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. Pulse Opinion Research, LLC ("Pulse Opinion" or "Defendant") sent pre-recorded message automated calls to phone numbers, including Plaintiff, which is prohibited by the TCPA.

3. The Plaintiff never consented to receive such calls, which were placed to him for polling purposes. Because polling campaigns generally place calls to hundreds of thousands or even millions of recipients *en masse*, the Plaintiff brings this action on

behalf of a proposed nationwide class of other persons who received illegal automated calls from or on behalf of Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide scale illegal calling and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### Parties

5. Plaintiff Andrew Perrong is a Pennsylvania resident, and a resident of this District.

6. Defendant Pulse Opinion Research, LLC is a Delaware corporation with its principal place of business in Asbury Park, NJ. The Defendant engages in calling activity into this District, as it did with the Plaintiff.

### Jurisdiction & Venue

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740 (2012).

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff was placed into this District.

### The Telephone Consumer Protection Act

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the automated calling industry. In so doing, Congress recognized that "[u]nrestricted

telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated calls

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…or any service for which the called party is charged for the call."  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

11. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live calls, and such calls can be costly and inconvenient.

**Factual Allegations**

13. Defendant is in the business of conducting polling and proving associated research services. *See About Us*, Pulse Opinion Research, http://www.pulseopinionresearch.com/About [https://archive.is/MRpvU].

14. To conduct these polls, Defendant relies on automated calling. *See Frequently Asked Questions*, Pulse Opinion Research, http://www.pulseopinionresearch.com/FAQ [https://archive.is/rlsxw].

15. One of the polling strategies used by Defendant involves the use of pre-recorded calls. *Id.*

The Calls to Mr. Perrong

16. Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

17. Plaintiff's telephone number is (215) 338-XXXX (the "Number").

18. That number is charged for each call it receives.

19. Mr. Perrong receives a ring charge for each call placed to him on that line.

20. Mr. Perrong is also charged per minute for each call placed to him on that line.

21. On September 27, 2020 at 2:15 PM and 8:18 PM, the Plaintiff received pre-recorded calls from the Defendant.

22. The call began with a recorded message requesting that the call recipient "Press 1" if they were a eighteen years old or older and "Press 2" if they were under eighteen years old.

23. In fact, the entire call was conducted with pre-recorded messages.

24. The Plaintiff never provided his consent or requested these calls.

25. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because their phone lines were tied up during the automated calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

**Class Action Allegations**

26. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

27. The classes of persons Plaintiff proposes to represent is tentatively defined as:

All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their telephone number for which they are charged per call or cellular telephone number; (c) using the same or similar recorded message used to contact Plaintiff's Number; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

28. Excluded from the classes are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family.

29. The class as defined above is identifiable through phone records and phone number databases.

30. The potential class members number at least in the thousands, since automated calling campaigns make calls to hundreds or thousands of individual a day. Individual joinder of these persons is impracticable.

31. Plaintiff Perrong is a member of the class.

32. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

- Whether Defendant violated the TCPA by using pre-recorded message technology to call telephone numbers of class members;

- Whether Defendant placed calls without obtaining the recipients' prior consent for the call;

- Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

33. Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the Class arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

34. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

35. Common questions of law and fact predominate over questions affecting only individual class members. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

36. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

37. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

38.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

### Legal Claims

### Count One:
### Violation of the TCPA's Prohibition Against Automated Calling
### Via Pre-Recorded Message

39.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

40.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the telephone numbers of Plaintiff and members of the Class using an artificial or prerecorded voice.

41.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

42.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

43.    The Defendant's violations were negligent and/or knowing.

### Relief Sought

WHEREFORE, for himself and all class members, Plaintiff request the following relief:

A.    Injunctive relief prohibiting Defendant from calling telephone numbers using an artificial or prerecorded voice.

C.    Because of Defendant's violations of the TCPA, Plaintiff seeks for himself and the other putative Class members $500 in damages for each violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3).

D.    An order certifying this action to be a proper class action under Federal Rule of Civil Procedure 23, establishing any appropriate classes the Court deems appropriate, finding that Plaintiff is proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

E.    Such other relief as the Court deems just and proper.

**Plaintiff request a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By his attorneys

*/s/ G. Clinton Kelley*
G. Clinton Kelley
304 Ross Street, 7th Floor
Pittsburgh, PA 15219
Telephone: (412) 454-5599
E-mail: gckesq@gmail.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
*Subject to Pro Hac Vice*